O’Donnell, J.,
dissenting.
{¶ 19} Respectfully, I dissent.
{¶ 20} The majority concludes that the trial court did not abuse its discretion when it included certain employer-provided benefits in Jeffrey Morrow’s gross income in deciding whether to modify child support payments. In my view, its conclusion fails to account for the value of the business use of the vehicle, which should be excluded from personal income.
{¶ 21} In this case, the court of appeals excluded the value of the Ohio State University football tickets from Morrow’s gross income because it determined that the tickets were used in connection with business. See Morrow v. Becker, 9th Dist. Medina No. 11CA0066-M, 2012-Ohio-3875, 2012 WL 3641582, ¶ 34 (concluding that the trial court erred by including the entire value of the football tickets as gross income because, while Morrow derived some personal economic benefit, he did not derive the full value of the tickets as a benefit).
{¶ 22} Similarly, with respect to the value of the use of the vehicle and the cost of vehicle insurance, those portions that relate to business use should be excluded from Morrow’s gross income for purposes of modifying a child support obligation.
{¶ 23} Federal tax policy provides support for this view insofar as it differentiates between business and personal use when determining the value of an employee’s personal use of an employer-provided vehicle as a working condition fringe benefit. See 26 C.F.R. 1.132-5T(b). And further support is found in IRS Publication 463 (2013), in which the Internal Revenue Service informs taxpayers that “[i]f your employer provides you with a car, you may be able to deduct the actual expenses of operating that car for business purposes. The amount you can deduct depends on the amount that your employer included in your income and the business and personal miles you drove during the year.” Id. at 30.
{¶ 24} With respect to Morrow’s use of an employer-provided cell phone, the majority has overly generalized its opinion and painted potential gross income with a broad brush. The Internal Revenue Service has a different view regarding cell phones provided by employers. In Notice 2011-72, Internal Revenue Bulletin No. 2011-38, effective for all taxable years after December 31, 2009, the Internal Revenue Service informed taxpayers that if an employer provides an *16 employee with a cell phone primarily for noncompensatory business purposes, i.e., the employer has a substantial business reason for providing the cell phone to the employee other than providing compensation to the employee, the value of the cell phone is excludable from the employee’s income as a working condition fringe benefit, and the value of the employee’s personal use of the phone is excludable from the employee’s income as a de minimis fringe benefit. Id. at 2. See also IRS Publication 15-B, Employer’s Tax Guide to Fringe Benefits, 11 (2013) (same).
Ragner Legal Services, L.L.C., and John C. Ragner, for appellant.
Palecek, Mcllvaine, Hoffmann & Morse Co., L.P.A., Linda Hoffman, and Thomas J. Morris, for appellee.
{¶ 25} In my view, analysis of whether the value of employer-provided benefits should be included in gross income should consider the purpose for which the employer provided them as fringe benefits and the extent to which they are used for business purposes. Because the majority fails to distinguish between Morrow’s business use and personal use with respect to these items and fails to analyze the possibility of a de minimis fringe benefit regarding use of the phone, I respectfully dissent.